UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL RICHARDSON | ) |
| 65 Massachusetts Ave., N.W. | ) |
| Washington, D.C. 20001 | ) |
| | ) |
|         Plaintiff | ) |
| | ) |
|         v. | )   Case No. _15- 1520_ |
| | ) |
| UNITED STATES OF AMERICA | ) |
| Serve: | ) |
| Vincent H. Cohen, Jr. | ) |
| United States Attorney for the | ) |
| District of Columbia | ) |
| 555 4th Street, N.W. | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| Serve: | ) |
| Loretta Lynch, Attorney General | ) |
| of the United States | ) |
| U.S. Dept. of Justice | ) |
| 950 Pennsylvania Ave., N.W. | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| Serve: | ) |
| Office of the General Counsel | ) |
| Dept. of Health & Human Services | ) |
| 200 Independence Ave., S.W. | ) |
| Washington, D.C. 20201 | ) |
| | ) |
|         Defendant | ) |

**COMPLAINT**
**PRELIMINARY STATEMENT**

1. The plaintiff, Samuel Richardson, brings this action individually on his own behalf.

2.  The plaintiff, Samuel Richardson, is and was at all times an adult resident of the District of
    Columbia and at all times pertinent to the litigation, incarcerated at the Correctional
    Treatment Facility (hereinafter "CTF") where he received healthcare from employees of
    Unity Healthcare, Inc. (hereinafter "Unity"). Unity is a Federal employee and is immune
    from suit and the United States of America must be substituted for Unity as the defendant
    in this action.

3.  Plaintiff, Samuel Richardson, seeks monetary damages to address the injuries caused to him
    from the defendant's Constitutional violations of his rights and common law negligence.
    Samuel Richardson brings this action pursuant to the Eighth Amendment to the Constitution
    and the Civil Rights Act of 1871 as codified at 42 U.S.C. §1983 and brings negligence claims
    under the District of Columbia common law and statutory law.

### JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over the Federal law claims pursuant to 28 U.S.C.
    §1331 and 28 U.S.C. §1343(a)(3) and (a)(4).

5.  This court has supplemental jurisdiction over District of Columbia laws pursuant to 28 U.S.C.
    §1367.

6.  On October 20, 2014 counsel for the plaintiff, on behalf of the plaintiff, submitted a "Claim
    For Damage, Injury, or Death" to the Office of the General Counsel, Department of Health
    and Human Services (hereinafter "DHHS"). A copy of the said notice is attached as Exhibit 1.

7.  In addition, counsel for the plaintiff has provided notice of intention to file suit by providing
    certified mail to Unity and the Office of the General Counsel for DHHS. Copies of those

2

letters dated October 30, 2014 as well as the return receipts are attached as Exhibits 2 and Exhibit 3.

8. On August 21, 2015 counsel for the plaintiff received a letter from William A. Biglow, Deputy Associate General Counsel, Claims and Employment Law Branch, denying the plaintiff's claim. A copy of the said letter is attached as Exhibit 4.

## PARTIES

9. The plaintiff, Samuel Richardson, adopts and incorporates by reference each and every allegation of paragraphs 1 through 8 as if fully set forth herein.

10. Samuel Richardson was an individual resident of the District of Columbia, incarcerated under the District of Columbia law. He was released on March 31, 2014. At all times relevant to the Complaint, Samuel Richardson was an inmate incarcerated at CTF, 1901 E Street, S.E., Washington, D.C. 20003 and for short periods of time at various local hospitals.

11. Defendant, United States of America (hereinafter "USA") was the employer of Unity for the purposes of liability under the Federal Tort Claims Act (hereinafter "FTCA") as well as other causes of action. Unity is the agent of the defendant USA providing medical services to inmates incarcerated at CTF. Unity is the agent of the USA acted under color of law at all times relevant to this Complaint in providing medical care and treatment to Samuel Richardson.

## FACTUAL ALLEGATIONS

12. The plaintiff, Samuel Richardson, adopts and incorporates by reference each and every allegation of paragraphs 1 through 11 as if fully set forth herein.

3

13. Hereinafter, throughout this Complaint, whenever allegations are made pertaining to the conduct of the USA, said conduct was actually that of the USA's agent, Unity. Unity hired, trained, and employed doctors, nurses, physician's assistants, and other health care providers to work at CTF.

14. At all relevant times, defendant USA knew, or should have known, that the acts, omissions, and conditions alleged herein, violated Samuel Richardson's common law and Constitutional rights.

15. At all relevant times, defendant USA was responsible for the medical care and treatment provided to Samuel Richardson.

16. Plaintiff, Samuel Richardson, had been paralyzed as a result of a gunshot in 1996. As the result, the plaintiff has suffered persistent bilateral ischial decubitus ulcers related to the paraplegia. Beginning on April 15, 2011, the plaintiff was incarcerated at CTF where healthcare was provided by defendant USA through Unity. During the year 2011 the plaintiff was treated at George Washington University Hospital for decubitus sores. At George Washington University Hospital he received proper care for his decubitus ulcers. Upon returning to the CTF, plaintiff's wounds were changed daily, cleansing with saline solution and packed with wet gauze and Tegaderm dressings.  There was no treatment with antibiotics nor should wet gauze have been used to pack the wound as required by the standard of care. By December, 2011 plaintiff was considered a candidate for surgical closure of the ulcers. The ulcers had continued to increase in size and had a foul smelling drainage. In February, 2012 plaintiff was seen by doctors at the United Medical Center who advised Dr. Cory Chapman, an agent, servant, and employee of Unity, that pertinent

laboratory data needed to be obtained and a physical examination conducted prior to

plaintiff having his decubitus ulcers cleaned and closed. No medical clearance was provided.

Plaintiff continued to receive inadequate medical care and treatment up until he was

referred back to the United Medical Center on March 11, 2013. At that time plaintiff was

suffering extensive wide bilateral gluteal ulcers and required extensive surgery and follow

up medical care and treatment.

17. Only after the plaintiff's release from incarceration was he able to learn that he had not

    received proper and adequate medical care, treatment, and attention.

18. Upon information and belief, there were systemic problems associated with the delivery of

    proper and adequate medical care and treatment to inmates incarcerated at CTF by Unity.

19. The USA owed a duty to provide prompt and proper medical care, treatment, and attention

    to Samuel Richardson as well as access thereto. The defendant failed to meet the aforesaid

    duties.

**LEGAL CLAIMS**
**COUNT I**
**(Violation of the Eighth Amendment to the United States**
**Constitution – Deliberate Indifference to Serious Medical Needs)**

20. The plaintiff, Samuel Richardson, adopts and incorporates by reference each and every

    allegation of paragraphs 1 through 19 as if fully set forth herein.

21. Defendant United States was under a duty to provide medical care, treatment, and

    attention to Samuel Richardson including the provision of medical treatment for his

    paralysis in general and his decubitus sores in particular.

22. Despite this duty and in violation thereof, the defendant USA, from the time the plaintiff

    was initially incarcerated until his release, failed to provide proper treatment for his

disabilities and medical issues. There was a failure to administer proper antibiotic treatment as well as to aggressively care for his wounds in a timely and proper manner.

23. Defendant, USA, was deliberately indifferent in failing to provide Samuel Richardson with timely medical care and treatment, proper medical care and treatment, necessary consultations, prompt response to requests for medical assistance and failing to transfer plaintiff to a proper medical facility equipped to handle his paralysis and related decubitus ulcer issues.

24. As a direct and proximate result of the aforesaid deliberate indifference to the plaintiff's serious medical conditions, he has suffered and continues to suffer physical pain, mental anguish, embarrassment, shame, humiliation, as well as other injuries and damages which are believed to be of a permanent nature.

WHEREFORE, plaintiff, Samuel Richardson demands judgment against defendant USA in the sum of $3,000,000.00, interest from the date of occurrence, costs and attorney's fees.

## COUNT II
### (Negligence)

25. The plaintiff, Samuel Richardson, adopts and incorporates by reference each and every allegation of paragraphs 1 through 24 as if fully set forth herein.

26. Pursuant to D.C. Code §24-211.02 and the common law defendant USA owed the plaintiff Samuel Richardson, an inmate in its care, custody, and supervision, a duty to provide proper medical care and treatment. Further, pursuant to D.C. Code §24-1401 the defendant owed a duty to care for inmates in custody at the CTF were to be pursuant to contract. The said contract was with Unity, an agent of the defendant USA and the District of Columbia.

6

27. Defendant USA breached its duty by failing to provide proper medical care, treatment, and
attention to the plaintiff.

28. As a direct and proximate result of the negligence of the USA, the plaintiff has suffered, and
continues to suffer physical pain, mental anguish, embarrassment, shame, humiliation, as
well as other injuries and damages which are believed to be of a permanent nature.

WHEREFORE, plaintiff, Samuel Richardson demands judgment against defendant USA in the

sum of $3,000,000.00, interest from the date of occurrence, costs and attorney's fees.

Respectfully submitted,

SAMUEL M. SHAPIRO, P.A.

Samuel M. Shapiro, #00688
200-A Monroe Street, #233
Rockville, MD 20850
(301) 340-1333
(301) 340-1149 fax

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| Dept. of Health & Human Services, Office of the General Counsel General Law Division 220 Independence Ave., S.W., #4256 Washington, D.C. 20021 | Samuel V. Richardson 646 Chesapeake Street, S.E., Apt. 10 Washington, D.C. 20032 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 04/06/1975 | single | Friday and Monday 04/11/2011 continuing 3/31/14 | 12:00 p.m. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

If litigation is necessary, from the time Samuel V. Richardson was incarcerated at the Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003, there was a total failure to treat his decubitus sores. The failure to treat the decubitus sores led to the need for two corrective surgeries. The claim will include a failure to properly treat the decubitus sores following the surgery including, but not limited to failing to provide the treatment which was ordered by the surgeons, failing to properly cleanse the area of the decubitus sores, failing to provide timely and proper medications and sterile dressings, failing to (cont.)

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

n/a

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

n/a

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Mr. Richardson suffered physical pain, mental anguish, an inability to have his continuing medical needs addressed, embarrassment, shame, humiliation, the need for repeated surgeries, the frustration of being unable to receive treatment that he knew he needed, and the worsening of his overall health.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Samuel V. Richardson | 646 Chesapeake St., S.E., #10, Washington, D.C. 20032 |
| Mark M. Lin | 110 Irving Street, N.W., Washington, D.C. 20010 |
| Macy G. Hall, Jr. | 1310 Southern Avenue, S.E., Washington, D.C. 20032 (continued) |

**12. (See instructions on reverse).** AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 0.00 3,000,000.00 | 0.00 | 0.00 3,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| ~ Samuel M. Shapiro Attorney | 301 340-1333 | 10/20/14 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD PRESCRIBED 28 CFR 14.2 |

PLAINTIFF

EXHIBIT 1

CASE #

## INSURANCE COVERAGE

order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

5. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

6. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No   17. If deductible, state amount.

n/a

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

n/a

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

No.

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all Items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

Samuel V. Richardson


**Form 95 – Continuation Sheet**


8.  maintain reasonable housing, maintain in a clean condition, failing to respond to repeated requests for medical care, treatment and attention, and otherwise negligently and deliberately ignoring Mr. Richardson's serious and potentially life threatening condition.

11.  Witnesses continued

Joanne R. Hepworth, 601 Pennsylvania Ave., N.W., #900, Washington, D.C. 20004
Michael J. Davis, 601 Pennsylvania Ave., N.W., #900, Washington, D.C. 20004
Denise A. Fortin,  Leesburg, VA
Medical Staff at the Correctional Treatment Facility
Brian Wells, 1901 E Street, S.E., Washington, D.C. 20003
Officer Queen, 1901 E Street, S.E., Washington, D.C. 20003

**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.48 |

Postmark
Here
10/20/14

Sent To DHHS General Counsel

Street, Apt. No.; or PO Box No. 220 Ind. Ave SW #4256

City, State, ZIP+4 WDC 70021

PS Form 3800, August 2006                    See Reverse for Instructions

7007 0710 0002 5800 0063

PLAINTIFF

EXHIBIT  2

CASE #_____

LAW OFFICES
SAMUEL M. SHAPIRO, P.A.
200 A MONROE STREET
SUITE 233
ROCKVILLE, MARYLAND 20850
━━━━━
(301) 340-1333

SAMUEL M. SHAPIRO (D.C. and Maryland)

FAX (301) 340-1149

October 30, 2014

Unity Healthcare, Inc.
1901 E Street, S.E.
Washington, D.C. 20003

RE:   Samuel M. Richardson
SS #:  ends 6996
DOB:  04/06/75

Dear Sir/Madam:

This office represents Samuel Richardson in regard to injuries and damages he suffered while incarcerated at the Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003. This letter is being written pursuant to D.C. Code, Title 16-2801 (2014). The purpose of this letter is to place all healthcare providers, including Unity Healthcare, the United States of America as well as all doctors, nurses, and other healthcare providers employed by either of the aforesaid entities on notice of Mr. Richardson's intention to file suit.

Mr. Richardson was incarcerated at the Correctional Treatment Facility on April 15, 2011, and remained thereafter during all times pertinent to his claim. Mr. Richardson was eventually released from incarceration on March 31, 2014. It is the intention of Mr. Richardson to file suit against either or both of the aforesaid entities for improper care and treatment of his decubitus sores and related medical problems. Mr. Richardson had suffered previous gunshot wounds which left him partially paralyzed and confined to a wheelchair.

The basis of Samuel Richardson's claim will be the failure to provide prompt and proper medical care and treatment, the failure to refer Mr. Richardson for proper treatment in a facility capable of rendering such treatment, the failure to have proper supplies and medicines to treat Mr. Richardson's condition, the failure to follow physician's orders following surgery, failure to have competent staff available at the Correctional Treatment Facility to provide the care and treatment needed by Mr. Richardson, delay in providing proper and adequate medical care and treatment, ignoring repeated complaints of pain, infection, and other medical issues made by Samuel Richardson to medical staff at the Correctional Treatment Facility, failure to select proper facilities for treating Mr. Richardson, and an overall deliberate indifference to Mr. Richardson's serious and possibly life threatening condition.

Based on all the aforesaid, Samuel Richardson will contend that there was deliberate indifference to his serious medical condition, violating both his civil and Constitutional rights,

Unity Healthcare, Inc.
October 30, 2014
P a g e | 2

will assert that there was improper medical care and treatment, constituting medical negligence/medical malpractice and other improper actions and inactions on the part of the staff of Unity Healthcare and the United States of America.

   **If any named healthcare provider takes the position that another person or entity not named in the enclosed notice may be responsible for all or part of the claimed injuries and damages, I request that you promptly alert me to the identity of such individual or entity so they may be placed on notice of our intention to sue. Further, if you contend that any of the healthcare providers who rendered care to Samuel Richardson were independent contractors who are independently liable for their care and treatment, we request that you promptly alert us to the identity of any such independent contractor healthcare providers.**

   I would appreciate your acknowledging receipt of this notice.  Please contact me once you have had an opportunity to review this matter.

                              Very truly yours,

                              Samuel M. Shapiro

SMS/mmp
Enc.

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLET

A. Signatu

X

B. Receive

Hjordi

D. Is delive
If YES, e

1. Article Addressed to:

Unity Healthcare, Inc.
1901 E Street, S.E.
Washington, DC
20003

3. Service
☑ Certif
☐ Regis
☐ Insure

4. Restricte

2. Article Number
(Transfer from service label)  7013 1710 0000 6

PS Form 3811, July 2013        Domestic Return Receipt

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **REC**
(Domestic Mail Only; No Insurance Co

For delivery information visit our website at

O F F I C I A L

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.48 |

Sent To
Unity Healthcare
Street, Apt. No.;
or PO Box No. 1901 E St SE
City, State, ZIP+4
WDC 20003

PS Form 3800, August 2006

9489 6152 0000 1710 2013

LAW OFFICES
SAMUEL M. SHAPIRO, P.A.
200 A MONROE STREET
SUITE 233
ROCKVILLE, MARYLAND 20850

SAMUEL M. SHAPIRO (D.C. and Maryland)

(301) 340-1333

FAX (301) 340-1149

October 30, 2014

Department of Health & Human Services
Office of the General Counsel
General Law Division
220 Independence Ave., S.W., #4256
Washington, D.C. 20201

RE:   Samuel M. Richardson
SS #:  ends 6996
DOB:  04/06/75

Dear Sir/Madam:

This office represents Samuel Richardson in regard to injuries and damages he suffered while incarcerated at the Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003. This letter is being written pursuant to D.C. Code, Title 16-2801 (2014). The purpose of this letter is to place all healthcare providers, including Unity Healthcare, the United States of America as well as all doctors, nurses, and other healthcare providers employed by either of the aforesaid entities on notice of Mr. Richardson's intention to file suit.

Mr. Richardson was incarcerated at the Correctional Treatment Facility on April 15, 2011, and remained thereafter during all times pertinent to his claim. Mr. Richardson was eventually released from incarceration on March 31, 2014. It is the intention of Mr. Richardson to file suit against either or both of the aforesaid entities for improper care and treatment of his decubitus sores and related medical problems. Mr. Richardson had suffered previous gunshot wounds which left him partially paralyzed and confined to a wheelchair.

The basis of Samuel Richardson's claim will be the failure to provide prompt and proper medical care and treatment, the failure to refer Mr. Richardson for proper treatment in a facility capable of rendering such treatment, the failure to have proper supplies and medicines to treat Mr. Richardson's condition, the failure to follow physician's orders following surgery, failure to have competent staff available at the Correctional Treatment Facility to provide the care and treatment needed by Mr. Richardson, delay in providing proper and adequate medical care and treatment, ignoring repeated complaints of pain, infection, and other medical issues made by Samuel Richardson to medical staff at the Correctional Treatment Facility, failure to select proper facilities for treating Mr. Richardson, and an overall deliberate indifference to Mr. Richardson's serious and possibly life threatening condition.

PLAINTIFF
EXHIBIT_3_
CASE #_____

Dept. of Health & Human Services
October 30, 2014
P a g e | 2

Based on all the aforesaid, Samuel Richardson will contend that there was deliberate indifference to his serious medical condition, violating both his civil and Constitutional rights, will assert that there was improper medical care and treatment, constituting medical negligence/medical malpractice and other improper actions and inactions on the part of the staff of Unity Healthcare and the United States of America.

**If any named healthcare provider takes the position that another person or entity not named in the enclosed notice may be responsible for all or part of the claimed injuries and damages, I request that you promptly alert me to the identity of such individual or entity so they may be placed on notice of our intention to sue. Further, if you contend that any of the healthcare providers who rendered care to Samuel Richardson were independent contractors who are independently liable for their care and treatment, we request that you promptly alert us to the identity of any such independent contractor healthcare providers.**

I would appreciate your acknowledging receipt of this notice. Please contact me once you have had an opportunity to review this matter.

Very truly yours,

Samuel M. Shapiro

SMS/mmp
Enc.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dept. of Health Human Serv
Ofc. of the General Counsel
General Law Division
220 C St. SW
Washington, DC
            20201 - 0001

2. Article Number
(Transfer from service label)     7013 1710 0000 6152 9472

PS Form 3811, July 2013          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®       ☐ Priority Mail Express™
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)            ☐ Yes

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.48 |

Postmark Here   10/30/14

7013 1710 0000 6152 9472

Sent To   DHHS General Law Div.
Street, Apt. No.;
or PO Box No.   220 C St SW
City, State, ZIP+4   WDC 20201

PS Form 3800, August 2006          See Reverse for Instructions



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

OFFICE OF THE GENERAL COUNSEL
General Law Division

330 C Street, SW
Switzer Building, Suite 2600
Washington, D.C. 20201

AUG 1 9 2015

<u>**CERTIFIED - RETURN
RECEIPT REQUESTED**</u>

Samuel M. Shapiro, Esquire
200 A. Monroe Street
Suite 233
Rockville, MD 20850

      Re:    Administrative Tort Claim of Samuel M. Richardson - Claim No. 2015-0049

Dear Mr. Shapiro:

On November 6, 2014, on behalf of your client, Samuel M. Richardson, you filed an administrative tort claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), alleging, *inter alia,* that from April 11, 2011 through March 31, 2014, health care providers, including those from Unity Health Care, Inc., located in Washington, DC, failed to treat Mr. Richardson's decubitus sores, while he was incarcerated at the Correctional Treatment Facility in Washington, DC, which resulted in the need for two corrective surgeries and caused Mr. Richardson to suffer physical pain and worsening of his overall health.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia,* injury or death caused by the negligent, or wrongful, act or omission of any employee of the Federal Government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your administrative tort claim, as required by 28 U.S.C. §§ 2401(b),2675(a). Your client's administrative tort claim is denied. The evidence fails to establish that the alleged injuries were caused by the negligent, or wrongful, act or omission of a federal employee acting within the scope of employment.

If your client is dissatisfied with this determination, he may:

1. file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or



**PLAINTIFF**

EXHIBIT _4_

CASE #_____

RECEIVED
AUG 2 1 2015

Page 2 - Samuel M. Shapiro, Esquire

2.  file suit against the United States in the appropriate federal district court within
    six (6)  months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the agency will review the claim within six months
from the date the request is received.  If the reconsidered claim is denied, your client may file suit
within six months from the date of mailing of the final determination.

Sincerely,

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch